■ MAUREEN A. REJEWSKI, Respondent, v MARTIN J. REJEWSKI, Appellant. [626 NYS2d 711] —Order unanimously reversed on the law without costs, motion granted and judgment vacated in part in accordance with the following Memorandum: Supreme Court abused its discretion in denying defendant's motion to vacate in part the judgment entered upon the matrimonial Referee's report (see, CPLR 5015 [a]). Although a client may, with or without cause, discharge an attorney, "an attorney of record in an action may only withdraw or be changed or discharged in the manner prescribed by statute" (Moustakas v Bouloukos, 112 AD2d 981, 983; see, CPLR 321 [b]). CPLR 321 (b) (1) provides, in pertinent part, that "an attorney of record may be changed by filing with the clerk a consent to the change signed by the retiring attorney and signed and acknowledged by the party." Although plaintiff contends that defendant consented to his attorney's withdrawal, the record is devoid of evidence that defendant executed a consent for his attorney to withdraw. After defendant's attorney purportedly withdrew as counsel and in defendant's absence, plaintiff testified extensively before the Referee, who then issued his findings. We, therefore, grant defendant's motion and vacate all parts of the judgment on appeal except that part divorcing the parties. (Appeal from Order of Supreme Court, Erie County, Howe, J.—Vacate Judgment.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.